GALVESTON, H. & S. A. RY. CO. et al. v. UNITED STATES (INTERSTATE COMMERCE COMMISSION, Intervener).

(District Court, S. D. Texas, at Corpus Christi. April 8, 1915.)

No. 6.

1. Injunction ☞13—Grounds for Denial—Lack of Injury to Plaintiff.
   In a suit to restrain the enforcement of an order of the Interstate Commerce Commission, where, though the order was in operation for 3 months prior to the filing of the bill, and for 18 months prior to the trial, no preliminary injunction having been issued, plaintiff had sustained no substantial damage therefrom, and no such damage was likely to ensue therefrom during the remainder of the period of 2 years for which the order by its terms was to be effective, an injunction would be denied, as an injunction will not be granted against acts which, though irregular and unauthorized, involve no substantial injury to the party complaining.

   [Ed. Note.—For other cases, see Injunction, Cent. Dig. § 13; Dec. Dig. ☞13.]

2. Injunction ☞129—Appeal—Dismissal Without Prejudice.
   Such bill should be dismissed without prejudice to plaintiff's right in the future to seek relief against such order, or a renewal of it, as under changed conditions substantial loss might be occasioned in the future.

   [Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 279–287; Dec. Dig. ☞129.]

In Equity. Suit by the Galveston, Harrisburg & San Antonio Railway Company and others against the United States, in which the Interstate Commerce Commission intervened. Bill dismissed without prejudice.

J. W. Terry, of Galveston, Tex., Andrews, Ball & Streetman, of Houston, Tex., Alex. S. Coke, of Dallas, Tex., Baker, Botts, Parker

& Garwood and Wilson, Dabney & King, all of Houston, Tex., and Terry, Cavin & Mills, of Galveston, Tex., for plaintiffs.

Blackburn Esterline, Sp. Asst. Atty. Gen., of Chicago, Ill., for defendant.

Edward W. Hines, of Washington, D. C., for intervener.

Before WALKER, Circuit Judge, and MAXEY and BURNS, District Judges.

PER CURIAM. [1] The object of this suit is the restraint of the enforcement of an order of the Interstate Commerce Commission, which by its terms was to be effective for a period of 2 years commencing September 15, 1913. The order had been in operation more than 3 months when the bill was filed. It had been in force more than 18 months at the time of the trial, no preliminary injunction having been issued. In the course of the argument of counsel for the plaintiffs it was frankly admitted that the evidence failed to show that the plaintiffs had sustained any substantial damage in consequence of the order, or that such damage was likely to ensue therefrom during the remainder of the period for which the order by its terms was to be effective. The plaintiffs are in the attitude of complaining of the order as an unauthorized exercise of power by the Commission and at the same time admitting that they have not been harmed by it and are not likely to be harmed by it. In this situation they are not entitled to have the enforcement of the order restrained by injunction. There is no ground for granting such relief against acts which, though irregular and unauthorized, involve no substantial injury to the party complaining. Though there are some injurious consequences, if they are merely trifling, the relief is not to be granted. Consolidated Canal Co. v. Mesa Canal Co., 177 U. S. 296, 302, 20 Sup. Ct. 628, 44 L. Ed. 777; Davis v. Port Arthur Channel & Dock Co., 87 Fed. 512, 31 C. C. A. 99; State ex rel. Cranmer v. Thorson, 9 S. D. 149, 68 N. W. 202, 33 L. R. A. 582; High on Injunctions (4th Ed.) p. 9; 22 Cyc. 760.

[2] It follows that the relief prayed for must be denied. As under future changed conditions the existing order, or a continuation of it, may occasion substantial loss to the plaintiffs, the bill will be dismissed without prejudice to their right in the future to seek relief against the order or a renewal of it.

The disposition of the case on the above stated ground makes it unnecessary to consider the question of the validity of the order.